IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02201-KAS

ALASSANE SOW,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of GEO Aurora ICE Processing Center,
GEORGE VALDEZ, in his official capacity as Acting Director of ICE's Denver Field Office,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

     Respondents.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the **Petition for a Writ of Habeas Corpus** [#1] (the "Petition"), which was filed by Alassane Sow ("Petitioner").[1] The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Order to Show Cause* [#4]. Respondents filed an Answer [#9] (the "Response"). The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **ORDERS** that the Petition [#1] be **GRANTED in part**.

## I.    Background

Petitioner, a citizen of Mauritania and a noncitizen of the United States, has been in immigration detention since approximately November 10, 2025. *Petition* [#1] ¶ 21.

---

[1] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See Signed Consent/Non-consent form* [#10]; *Order of Reference* [#11].

Petitioner states that he entered the United States in 2022 and that he has not left the country since. *Id*. Petitioner acknowledges that he was detained when he entered the United States but notes that he was released on his own recognizance shortly thereafter; there is no indication that he had ever been arrested, apprehended or detained at any other time after he entered the United States or that he has otherwise ever been charged with any crime. *See generally Petition* [#1]; *Response* [#8]. Petitioner states that he has not been provided with a bond hearing. *Petition* [#1] ¶ 48. He also states that he was arrested without a warrant specifically for his arrest. *Id*. ¶ 21.

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Response* [#8] at 2. Petitioner raises several arguments as to why his continued detention is illegitimate, including that Respondents have violated his Fifth Amendment due process rights, section 8 U.S.C. § 1226(a), and the Administrative Procedures Act by denying him an individualized bond hearing. S*ee Petition* [#1] ¶¶ 31-49.

This matter is ripe for disposition. While Petitioner asks for oral argument, *see Petition* [#1] at 1, the Court deems oral argument unnecessary because the issues presented are not unique or novel as compared to the many other petitions filed in this District since at least October 2025. Moreover, because the issues are fundamentally legal in nature, the Court can decide the matter on the papers. *See Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.    Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Analysis

The Petition primarily turns on whether Respondents may properly detain Petitioner pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing. The Court summarizes the relevant statutory framework before turning to the issues raised in the Petition.

## A.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen)

3

(emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an [noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> [A noncitizen] present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including [a noncitizen] who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297) (other citations omitted).

## B.    Application

Respondents summarily argue that § 1225(b)(2)(A) requires Petitioner's detention and, therefore, he is not entitled to a bond hearing. *Response* [#8] at 2-5. They incorporate by reference a more in-depth legal analysis that they presented on the same issue in *Mendoza Gutierrez v. Baltazar*, Civil Action No. 25-cv-02720-RMR, ECF No. 26 at 10-19.

4

*Resp.'s Ex. A, Mendoza Gutierrez US Response Brief* [#8-1]. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Response* [#8] at 1. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior ruling in another case[,]" *id*.; namely, the Court's order in *Quintanilla Ramirez v. Baltazar*, No. 26-cv-01566-KAS, 2026 WL 1251616 (D. Colo. May 6, 2026). And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision[.]" *Response* [#8] at 3. Moreover, Respondents have cited no binding authority in arguing that the Court should reconsider its prior ruling.

The Court notes that its analysis in its *Kumar* Recommendation also governs here. *See Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, *Recommendation* [#23]. Respondents have provided no reason to revisit that ruling. Moreover, the Court notes that the *Kumar* Recommendation has since been adopted by the presiding District Judge in full. *Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1282807, at *4 (D. Colo. May 11, 2026). The Court therefore refers the parties to its analysis in *Kumar*, finding that the due process analysis provided in that case also applies here. Accordingly, Petitioner is entitled to, at minimum, a bond hearing because his continued detention without a bond hearing violates his due process rights.

## C.    Appropriate Remedy

Although Petitioner's arguments primarily reflect the idea that he should receive a bond hearing pursuant to § 1226, in his Prayer for Relief, Petitioner instead requests that he be immediately released. *See* Prayer for Relief, *Petition* [#1] at 12. In support of his request for immediate release, Petitioner first argues that he was not arrested pursuant to a warrant. *Petition* [#1] ¶ 41. Respondents fail to address whether Petitioner was arrested pursuant to a warrant. *See generally Response* [#8]. Furthermore, while Respondents argue that "the appropriate relief [here] is for the Court to direct a bond hearing be conducted pursuant to § 1226(a) before an immigration judge" and that the Court "should not order immediate release" because other courts in this District have instead awarded bond hearings in this context, *see id*. at 4, Respondents do not address whether the "warrantless detention" issue raised here was also raised before those courts.

The Court agrees with Respondents that, as explained in *Kumar*, § 1226(a) generally "'does not require release,' but instead 'provides DHS the discretion to grant [a noncitizen] release on bond[.]" No. 26-cv-00913-NYW-KAS, *Recommendation* [#23] at 9 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). However, the Court also agrees with Petitioner that "issuance of a warrant, as well as detention pursuant to it, is a condition that must be satisfied in order to justify discretionary detention under § 1226(a)" in the first place. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025); *see also, e.g.*, *Singh v. Bondi*, No. 26-cv-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026), *report and recommendation adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026)

6

(concluding that a warrantless arrest was improper, meriting petitioner's immediate release, because "under § 1226(a), a noncitizen may only be arrested and detained '[o]n a warrant issued by the Attorney General.'"); *Morelos Valdovinos v. Noem*, No. 26-cv-0338 JB/DLM, 2026 WL 948285, at *5-6 (D.N.M. Apr. 8, 2026) (noting that warrantless arrest in this context is permitted "only in narrow [statutorily-excepted] circumstances" and that the respondents' failure to establish either a warrant's existence or that a statutory exception applied warranted a petitioner's immediate release). Here, the Court finds that Respondents have failed to establish that they have satisfied that condition.

However, the Court will grant Respondents a final opportunity to show that they have detained Petitioner pursuant to a warrant. The Court orders Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited [than this Court] to consider whether Petitioner poses a flight risk and a danger to the community." *Kumar*, No. 26-cv-00913-NYW-KAS, *Recommendation* [#23] at 9. At this bond hearing, Respondents will further bear the burden of proof by clear and convincing evidence. *Id.* at *9-10 (joining other courts in this district concluding that in this context, the government bears the burden of proof by clear and convincing evidence). Respondents also "bear the burden of showing that Petitioner was detained pursuant to a warrant in order to justify his initial and continued detention." *Garcia Cortes*, 2025 WL 2652880, at *5 (imposing this requirement instead of immediately releasing petitioner where respondents failed to show that they had detained petitioner pursuant to a warrant). If Respondents fail to make this showing, Respondents must release Petitioner immediately without requiring him to post bond.

7

Second, Petitioner argues that "it is unlikely that Petitioner would receive a fair hearing, because Immigration Judges lack the judicial independence necessary to be free from the prerogatives of the Executive Branch," thus mandating immediate release. *Petition* [#1] ¶ 25. The Court finds that granting immediate release based on speculation concerning the IJ's bond determination is premature. Consistent with its usual practice, however, the Court will order Respondents to submit a Status Report after the bond hearing apprising the Court of the status of the matter to allow the Court to determine whether any further proceedings are necessary. If Respondents fail to comply with any portion of this Order, Petitioner may move to enforce this Court's judgment at that time.

### IV.    Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED in part**.

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner a bond hearing no later than **June 12, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. The Government shall also bear the burden of proving, by clear and convincing evidence, that Petitioner was detained pursuant to a warrant. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER **ORDERED** that, on or before **June 22, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted, including any findings as to whether Petitioner was detained pursuant to a warrant, or, if

no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: June 4, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge